SIMMONS CO. v. CHAMPION SPRING CO.

No. 2319.

United States District Court
N. D. Ohio, E. D.

July 3, 1929.

Squire, Sanders, & Dempsey, of Cleveland, Ohio, Fisher, Towle, Clapp & Soans, of Chicago, Ill., and Harry Frease, of Canton, Ohio, for plaintiff.

Richey & Watts, of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

The Master's report in this case was filed on March 26th, 1929. The twenty days for filing exceptions thereto, as provided by Equity Rule 66, expired April 16th. On April 18th, the defendant being in default for exceptions, the Master's report was approved by the Court. The defendant filed, on April 19th, a motion to set aside the approval of the Master's report and attached thereto proposed exceptions. The defendant claims that the Clerk of this Court notified its counsel by a postal card that the limit of time for filing exceptions to the Master's report expired April 22nd. This statement is from recollection of counsel for defendant, as the notice was not found. That the Clerk's office fixed such date is not admitted, and the notice to the plaintiff sent by the Clerk contained no such limit as to date for filing exceptions. Some further statement is made respecting the withholding of the filing of exceptions, though prepared on April 16th, on account of some conversation with the Clerk and plaintiff's counsel. The reasons given for failure to file exceptions do not seem to me to be adequate for setting aside approval of a Master's report in the ordinary reference, but since the reference in this case provided that the Master's findings and conclusions should be subject to review by the Court, the approval of the Master's report will be set aside and the exceptions will be considered.

The suit is for infringement of Travis patent No. 1432499, issued October 17th, 1922. There is denial of invention and infringement. The patent relates to a bed spring having a mechanism designed to prevent sidesway of the coil springs and to maintain the upper and lower bed spring frames in substantial alignment. The owner of the patent does not claim that Travis conceived every element applied and adapted to his invention, but contends only for an improvement in bed springs which provides for the prevention of lateral movement or sidesway of the coil springs and which permits vertical displacement without affecting comfort or resiliency. Springs manufactured under the Travis

patent have had commercial success. There is, and of right should be, a heavy burden upon the defendant to overcome the prima facie case of the inventor as to the novelty and utility of the device for which a patent has been granted by the Government. To sustain that burden the defendant relies chiefly upon the prior art as disclosed by Jeffery's patent No. 385118, Zieger (French) patent No. 432577, and the disclosures of Keon's mechanical reference book, the defendant claiming that Travis presumably saw and learned this art and merely carried forward the ideas without any new principal or function; further contending that Travis adapted to an old bed spring construction the so-called Scott-Russell straight line motion mechanism found in the literature on mechanics, and concededly old. The object of Jeffery's invention was to provide a spring bed or bed bottom which could be collapsed or rolled up. "Parallel movement collapsing hinges" formed the important novel feature of his invention. Travis and Jeffery were seeking to accomplish entirely different objects. The Jeffery link was not of such a character, nor was it such a disclosure, as to be obvious to a mechanical eye seeking a different object. Travis was striving to brace the border of the spring without preventing vertical displacement or resiliency; Jeffery's invention was designed to limit such displacement and presented spring resistance. In my opinion, to go from Jeffery to Travis would require mechanical skill to be supplemented with an idea produced from original thinking.

 The Zieger (French) patent No. 432577 does not clearly disclose the adaptability of the Scott-Russell mechanism nor accomplish the functional purposes of Travis, though it may have some tendency toward the results achieved by Travis. But anticipation by foreign invention requires a clear and definite disclosure which would permit one skilled in the art to practice such invention without experimentation. This seems to be the established rule relating to anticipation by prior foreign patents. Travis had an original idea and applied it with practical skill and advantage to bed spring construction. That his invention has had commercial success lends considerable support to its novelty and utility. Although the patent in suit may well be classed as a secondary patent and should thus be narrowly construed with respect to the range of equivalents to which it is entitled, nevertheless, where identity of function and performance are present in a subsequent device or structure, infringement will be found. The function and performance of defendant's device are substantially the same as the plaintiff's. The defendant's structure is distinguishable in design, but is the substantial embodiment of Travis' invention. Some different features in the defendant's springs may be thought to be improvements over Travis', but do not avoid infringement.

I think the Master rightly concluded, and his report will be confirmed. The usual decree sustaining validity and infringement, and for injunction and accounting, may be entered.